Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1405 | **DATE** | 9/23/2002 |
| **CASE TITLE** | US vs. Robert Ward (95 CR 730-22) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Ward's petition (Doc 1-1) to vacate, set aside, or reduce his sentence. All other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 24 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 10 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | SEP 24 2002 | |
| | | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ROBERT DANIEL WARD,  )<br>  )<br>Defendant.  ) | 95 CR 730-22<br>(02 C 1405) |

## MEMORANDUM OPINION

DOCKETED
SEP 24 2002

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or reduce the sentence of Plaintiff Robert Daniel Ward ("Ward"). For the reasons set forth below, we deny Ward's petition to vacate, set aside or reduce his sentence.

## BACKGROUND

In December 1997, a jury returned verdicts of guilty as to the two counts of the Second Superseding Indictment in which Ward was named as defendant. The counts of which he was convicted charged him with conspiring to distribute cocaine in violation of 21 U.S.C § 846, and attempting to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Pursuant to 21 U.S.C. § 851(a), on October 27, 1997, the



government filed notice of Ward's prior felony drug conviction. On June 18, 1998, this court sentenced Ward to 30 years imprisonment to be followed by 10 years supervised release. The court also imposed a $1,000,000 fine. The Seventh Circuit affirmed the conviction in April 2000, and denied a petition for rehearing and rehearing *en banc* in this matter on August 17, 2000. Ward sought certiori, which the Supreme Court denied on February 20, 2001. Ward then timely filed this pro se petition to vacate, set aside, or reduces his sentence pursuant to 28 U.S.C. § 2255.

After Ward filed the petition, this court set dates for the government to answer the petition and for Ward to reply. Contrary to the court's instructions Ward did not file a reply to the government's answer, but instead he filed an amended § 2255 petition that includes new allegations and fails to respond to the government's answer. We granted Ward's request for additional time to file a reply and he has failed to do so. We did not grant Ward leave to file an amended § 2255 petition and we will not consider the amended motion in our review of this petition.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited to where a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

*Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir. 1978)). If the Court finds that any of the above errors occurred, then the prisoner's conviction will be "vacated or set aside and the petitioner will be discharged, resentenced, or granted a new trial." *Dikeocha v. United States*, 2002 WL 31006136, *1 (N.D. Ill. 2002). When reviewing a § 2255 motion the district court must review the record and draw all reasonable inferences in favor of the government. *Messinger v. United States*, 872 F.2d 217, 219 (7th Cir. 1989) (stating that when seeking post-conviction relief, inferences are to be drawn in government's favor); *United States v. Boyd*, 2002 WL 1949724, *1 (N.D. Ill. 2002). Before addressing the merits of a § 2255 motion the court must determine whether the claims are barred procedurally. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). We note that Ward has filed his petition pro se and thus his motion is entitled to a liberal reading. *Blake v. United States* 841 F.2d 203, 205 (7th Cir. 1988).

## DISCUSSION

I. Ineffective Assistance of Counsel Claim

Ward alleges ineffective assistance of counsel on his appeal. A criminal defendant has a right to counsel "through his first appeal of right." *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000) (citing *Evitts v. Lucey*, 469 U.S. 387, 396

(1985)). However, because assistance of counsel is presumed effective, a party bears a "heavy burden" in establishing ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell bellow an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional conduct." *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (quoting *Strickland*, 466 U.S. at 689)). If the record supports a finding of substandard performance, we then determine whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994) (quoting *Strickland*, 466 U.S. at 695)).

Ward argues that his appellate counsel did not raise meritorious issues. Ward's appellate Counsel raised the following issues on appeal: 1) that the district court abused its discretion in denying Ward's motion to dismiss the Superceding Indictment pursuant to the Speedy Trial Act, Federal Rule of Criminal Procedure 48(b), and the Sixth

-4-

Amendment; 2) that it abused its discretion in certain of its evidentiary rulings; 3) that it improperly restricted the defendant's cross-examination of Donald Marini; 4) that certain of the prosecutor's remarks during closing argument were improper and deprived the defendant of a fair trial; and 5) that the court erred in failing to recuse itself *sua sponte* based on the ruling in *In re Hatcher*, 150 F.3d 631 (7th Cir. 1998). Ward argues that his appellate counsel should have pursued a due process claim based on the trial court's failure to instruct the jury that once it found the defendant guilty as to Count I beyond a reasonable doubt, it then had to find, beyond a reasonable doubt, the amount of cocaine for which he was responsible.

At trial Ward did not raise the due process objection. If a defendant seeks to raise constitutional issues that were not raised at trial for the first time on appeal, the plain error standard is applied. *Johnson v. United States*, 520 U.S. 461, 464 (1997). Under the plain error standard the plaintiff must demonstrate both that the error "affect[ed] substantial rights" and that it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467.

Ward's claims concerning the drug quantity consideration apparently rely on a misinterpretation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Ward claims that the drug quantity was an element of his offense under 21 U.S.C. § 841(b). *Apprendi* did not render drug quantity an "element of the offense." *United States v. Bjorkman*, 270

F.3d 482, 490 (7th Cir. 2001). In *United States v. Brough* the court made clear that the elements specified in § 841(a) are elements of the offense and thus must be proven beyond a reasonable doubt, but the considerations in § 841(b) for determining the minimum and maximum penalties are not elements. 243 F.3d 1078, 1079 (7th Cir. 2001) (stating that *Apprendi* only applies to a situation where the sentence exceeds the maximum statutory range); *see also Bjorkman*, 270 F.3d at 490(indicating that § 841(b) considerations were not elements of the offense). Under *Apprendi* a judge is allowed to exercise discretion and consider factors affecting a defendant's sentence such as drug quantity within the boundaries of a range explicitly prescribed by statute. 530 U.S. at 481-82. The rule of *Apprendi* applies only where the sentencing count's's factual determination of drug quantity of other factors increase the maximum sentence beyond the statutorily authorized range. *Talbott v. Indiana*, 226 F.3d 866, 869-70 (7th Cir. 2000). In this case Ward was sentenced to 30 years imprisonment which was less than the maximum statutorily authorized sentence of 60 years and therefore *Apprendi* does not apply to this case. Ward's appellate counsel could not have been ineffective for failing to argue that issue on appeal.

An appellate counsel is expected to exercise independent judgement as to what claims are meritorious and is not required to bring forth every claim that his or her client desires. *United States v. Trevino*, 1994 WL 30581, *2 (N.D. Ill. 1994); *see also*

*Jones v. Barnes*, 463 U.S. 745, 750-752 (1983) (stating that defendant has no constitutional right to force "appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points")). We find nothing in the record that indicates that Ward's appellate counsel failed to bring any meritorious claims or properly exercise independent professional judgment.

II. Due Process Claim

Ward also raises an *Apprendi* claim arguing that his due process rights were violated. The Seventh Circuit has recently indicated that *Apprendi* is not retroactively applicable on collateral review. *Curtis v. United States*, 2002 WL 1332817, *3 (7th Cir. 2002). Even if *Apprendi* were available on collateral review, as explained above, Ward's case does not fall within the scope of *Apprendi*.

## CONCLUSION

Based on the foregoing analysis we deny Ward's petition to vacate, set aside, or reduce his sentence.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: September 23, 2002