# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1405 | **DATE** | 12/13/2002 |
| **CASE TITLE** | US vs. Robert Ward | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Ward's application (Doc 12-1) for a certificate of appealability on all issues.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| SCT | courtroom deputy's initials |

date mailed notice: DEC 16 2002

Document Number: 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 02 C 1405 |
| ROBERT WARD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

DOCKETED
DEC 1 6 2002

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on defendant Robert Ward's ("Ward") application for certificate of appealability for our order entered on September 23, 2002 which denied Ward's petition to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below we deny the application on all issues.

### BACKGROUND

In December 1997, a jury returned verdicts of guilty as to the two counts of the Second Superseding Indictment in which Ward was named as defendant. The counts of which he was convicted charged him with conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and attempting to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Pursuant to 21 U.S.C. § 851(a), on October 27, 1997, the



government filed notice of Ward's prior felony drug conviction. On June 18, 1998, this court sentenced Ward to 30 years imprisonment to be followed by 10 years supervised release. The court also imposed a $1,000,000 fine. The Seventh Circuit affirmed the conviction in April 2000, and denied a petition for rehearing and rehearing *en banc* in this matter on August 17, 2000. Ward sought certiori, which the Supreme Court denied on February 20, 2001. On September 23, 2002 we denied Ward's petition to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255.

Ward seeks a certificate of appealability on four issues: 1) whether the § 2255 petition made a substantial showing of a denial of a constitutional right, 2) whether we erred in rejecting Ward's amended § 2255 petition, 3) whether we erred in failing to grant his motion for disqualification, and 4) whether we erred by not holding an evidentiary hearing.

## LEGAL STANDARD

A court should issue a certificate of appealability in a case before the court under 28 U.S.C. § 2255 "if the [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Such a showing is made by the defendant if "reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance

of the denial of a constitutional right that he deserves encouragement to proceed further." *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

## DISCUSSION

### I. Original § 2255 Petition

Ward's Due Process claims are clearly barred because the Seventh Circuit has recently indicated that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not retroactively applicable on collateral review. *Curtis v. United States*, 2002 WL 1332817, *3 (7th Cir. 2002). Even if *Apprendi* were available on collateral review, Ward's case does not fall within the scope of *Apprendi*. Ward has not made a substantial showing of a constitutional violation of his due process rights. Neither has Ward offered any evidence sufficient to make a substantial showing that there was a denial of a constitutional right based on ineffective assistance of counsel on his appeal. The decisions at trial concerning which of Ward's claims were meritorious and which should have been argued clearly were tactical matters and within the professional discretion of his appellate counsel. Also, Ward's complaint concerning the jury instruction regarding the amount of cocaine is without merit.

### II. Amended § 2255 Petition

Ward also seeks a certificate of appealability because we refused to consider Ward's amended petition. We note that this issue is not in itself a constitutional rights

issue. Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Under Federal Rule of Civil Procedure 5(b)(B), a party can make service by "[m]ailing a copy to the last known address of the person served." Such service is "complete on mailing." Fed. R. Civ. P. 5(a)(B). In this case Ward has submitted a document entitled "Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255" and an accompanying affidavit signed by Ward claiming that the document was mailed to the government on June 26, 2002. The amended petition was filed with the Clerk's Office on July 8, 2002. The government filed an opposition to Ward's original petition and made service to Ward on July 2, 2002. The opposition did not address new issues and allegations raised in the amended petition. In our prior opinion we refused to consider Ward's amended petition because he did not seek leave to file an amended petition.

The date listed upon Ward's amended complaint and service affidavit is not conclusive evidence of when the document was actually mailed and service was effectuated. In fact, Ward signed the affidavit swearing that he mailed the amended complaint and service on June 26, 2002, but in his brief seeking a certificate of appealability he claims that he mailed the letter on June 27, 2002. Ward has not included any evidence to show that he actually presented the amended complaint and

service to prison officials for mailing by July 1, prior to the government's service for the responsive brief to the original petition. Ward has the ability to send documents via certified mail which provides evidence of the date of mailing. We have before us the envelope for the original petition mailed by Ward which bears the markings and recorded date of a certified letter. However, Ward has not supplied any evidence in regards to the amended petition.

Even if we had considered the amended § 2255 petition, the results would have been the same. In his amended petition Ward claims that he has new evidence from a juror that was dismissed for sleeping during the trial. Ward claims that the juror was not in fact sleeping and that the juror believes this court dismissed the him because he thought Ward was innocent and thus was an impediment to a conviction. This claim is frivolous and unsupported and the juror's personal opinion as to why this court dismissed him is irrelevant. Coincidently, the juror was in fact sleeping. Ward also asserts that his counsel was not present when the purity of the cocaine was stipulated to on the fifth day of the trial, and thus Ward apparently was present without counsel and the court allowed stipulations to be entered without the consent of Ward's counsel. This claim is also without merit. Ward's only reference to this accusation is made in general terms in a single sentence in his amended petition. Ward must do more than offer vague unsupported assertions to support such an outrageous claim.

Ward also asserts in his amended complaint that he was effectively denied effective assistance of counsel on appeal because the the appellate court "limited" the "scope" of his appointed counsel's representation. It is not clear how the appellate court allegedly limited his counsel's representation. Ward must do more than offer such vague accusations. Finally, in his amended complaint Ward makes several other arguments concerning his trial which lack merit and should have been raised on his first appeal but were not. Thus even if we were to consider Ward's amended petition, our ruling would not be altered and Ward still would not have made a substantial showing of a denial of a constitutional right on any issue.

### III. Failure to Conduct Evidentiary Hearing

Ward also seeks a certificate of appealability on the issue of whether this court erred in not conducting an evidentiary hearing. Whether this court should have conducted an evidentiary hearing is not in itself a constitutional rights issue. *See Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002) (stating that whether the district court should have conducted an evidentiary hearing for a § 2255 motion is "a question about how courts resolve collateral attacks, not about constitutional law."). A federal prisoner does not have a right to an evidentiary hearing, and a judge that presides over the defendant's trial and § 2255 motion is "uniquely suited to determine if a hearing is necessary." *Rodriguez v. United States*, 286 F.3d 972, 987 (7th Cir. 2002) (quoting

*Patel v. United States*, 19 F.3d 1231 (7th Cir. 1994)). A district court need not conduct an evidentiary hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Id.* (quoting *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992)).

In the instant case, the matters included in the first petition could be fully resolved by reference to the record in this case. The additional accusations raised in the amended petition concerning the juror dismissal, the alleged absence of counsel during stipulations, and the alleged limitations placed on the representation of appellate counsel are vague and incredible and are not supported by any relevant evidence which would merit conducting an evidentiary hearing.

IV. Motion for Disqualification

A party can move to disqualify a judge under 28 U.S.C. § 144, but the motion must be timely and it must be accompanied by a sufficient affidavit. 28 U.S.C. § 144. Although the court must accept as true the facts in the accompanying affidavit for a motion for disqualification, the affidavit must contain facts "sufficiently definite and particular to convince a reasonable person that bias exists [and] simple conclusions, opinions, or rumors are insufficient." *Tezak v. United States*, 256 F.3d 702, 717 (7th Cir. 2001) for the *Id.* (quoting *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir.

2000)). The facts in the accompanying affidavit "must be stated with particularity and must be definite as to times, places, persons, and circumstances." *Id.*

First of all, whether Ward's accompanying affidavit is sufficient is a procedural and statutory matter and is not in itself a constitutional rights issue. Ward filed a motion for disqualification and accompanying affidavit. However, Ward's accompanying affidavit clearly does not meet the statutory requirements. The affidavit merely states that he has "discovered" a juror that was dismissed for sleeping who now claims that he was not sleeping. The affidavit does not indicate the name of the former juror nor how Ward came by this information. The affidavit is unclear as to whether Ward was relying on a firsthand account given by the dismissed juror or whether Ward was relying on rumors or other secondhand information. Most importantly, the affidavit does not explain the basis for the juror's belief that this court knew he thought Ward was innocent. The affidavit also does not explain what the basis was for the juror's belief that this court dismissed him in bad faith in order to secure a conviction. All the affidavit contains is Ward's and the dismissed juror's baseless opinion that this court dismissed the juror in bad faith.

The affidavit also does not explain the circumstances surrounding the juror's dismissal. Were the silence in the affidavit to be accepted as an absence of any facts providing a basis for the court's accusation of sleeping, then we are left with the

outrageous claim that this court, out of the blue, accused the juror, who was attentively sitting in the jury box fresh faced and wide eyed, of sleeping and dismissed him. The affidavit clearly lacks the requisite specificity and contains nothing more than a recitation of simple conclusions, rumors, and speculative opinions.

Also Ward did not file the motion for disqualification until four months after filing his § 2255 petition. Ward claims in his affidavit that he only "recently" discovered the dismissed juror, but does not include any dates as to when he discovered this new evidence or include any of the circumstance surrounding that discovery that might provide some indication of when the discovery was made.

## CONCLUSION

Based on the foregoing analysis we deny Ward's application for a certificate of appealability on all issues.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: DEC 13 2002